**UNITED STATES of America**

v.

**Henry PASTORE, Defendant.**

**No. 80 Cr. 34 (LPG).**

United States District Court,
S. D. New York.

March 5, 1980.

Peter Sudler, Asst. U. S. Atty., New York City, for plaintiff.

James A. Cohen, Federal Defender Services Unit, New York City, for defendant.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

This court has had to consider a novel issue of law raised by defendant's motion to suppress the evidence seized from him at the time of his arrest. The issue involves the very sensitive question of whether the government must reveal the identity of a confidential informant in order to meet the test for establishing probable cause for defendant's arrest. Barring, of course, a finding that the government has met its burden of establishing probable cause, the evidence in this case would have to be suppressed because there is no independent basis for the search which led to the seizure of the gun.

As was revealed at the hearing held on February 15th, at which time both the government and defendant were given the opportunity to present witnesses and other evidence, the sole source of the F.B.I.'s belief that there was probable cause to arrest defendant for illegal possession of a gun was the information which an informant gave to the F.B.I.

Since the Supreme Court held in *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) that there is no absolute constitutional rule that an informant's identity need always be disclosed in a preliminary hearing to determine probable cause for an arrest or search, this Circuit has considered on several occasions the question of whether an informant's identity must be revealed if the informant's tip is the basis for establishing probable cause.

▮ Starting with *United States v. Tucker*, 380 F.2d 206 (2d Cir. 1967) decided the same year as *McCray v. Illinois*, the Second Circuit established the principle that where information received from an undisclosed informant did not form the essence of the case for probable cause, and where the information was independently corroborated, the identity of the informant did not have to be revealed. This same rule has been restated by this Circuit in *United States v. Comissiong*, 429 F.2d 834 (2d Cir. 1970) a 1970 decision which adopted the *Tucker*

holding as striking a proper balance between the defendant's right to challenge police conduct and the need for protecting informers to safeguard their lives and health and to maintain sources of information. The rule has been followed in *United States v. Edmonds*, 535 F.2d 714 (2d Cir. 1976), and *United States v. Gonzalez*, 555 F.2d 308 (2d Cir. 1977).

However, not one of the cases cited, nor any other case which I have been able to locate, squarely answers the question raised by the facts of this case: whether the informant's identity must be revealed when the sole source of probable cause is the informant's tip or whether, in the alternative, the court can protect the defendant's rights by examining the informant *in camera*.

▮ The two leading Supreme Court cases dealing with informants provide some guidance. In the first, *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Court held that an affidavit in support of a warrant was insufficient not because it was based on hearsay, but because it did not set forth the underlying bases for the informant's conclusions, and because the factors which led the officer to conclude that the informant was reliable were not stated. In *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), an informant's tip forming the basis of an affidavit for a warrant was held inadequate because the affiant did not establish his reasons for concluding the informant was reliable, nor did he set forth the foundation for the informant's tip. These cases establish that a finding of probable cause based on an informant's tip requires the Government to show that (1) the informant received his information in a reliable way and (2) that the informant was credible. *United States v. Gonzalez*, 555 F.2d 308 (2d Cir. 1977). Although both cases involved probable cause prior to the issuance of a warrant, a post-arrest inquiry requires the same probable cause findings, *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). However, with respect to the informant's privilege of non-disclosure, the Supreme Court noted in

*McCray v. Illinois, supra,* in declining to formulate a federal evidentiary rule of compulsory disclosure when the issue is the preliminary one of probable cause, that some courts, including the Second Circuit, had required the identification of the informant in non-warrant cases, *citing U. S. v. Robinson,* 325 F.2d 391 (2d Cir. 1963). Since *Robinson* was decided prior to *McCray v. Illinois, supra,* it is of doubtful authority, as the Second Circuit recognized in *United States v. Comissiong, supra,* 429 F.2d at 838.

■ I have determined that the requirements of reliability and credibility can be established by the court's *in camera* examination of the informant, and I have carried out this procedure. I have questioned the informant, Mr. A., who revealed to me what he had told the F.B.I. I have assessed his credibility, and find him credible, and am satisfied that he had an opportunity to observe the defendant with the gun as he stated to the F.B.I. The government established at the hearing that Mr. A. had previously provided information to the F.B.I. from which arrests had been made, supporting the finding of his reliability as an informant. Therefore, I find that there was probable cause for the arrest of defendant Pastore, that the search which uncovered the gun was incident to a lawful arrest, and that the gun may be introduced as evidence of the crime with which he is charged.

I have previously ruled that the statement which Pastore made spontaneously at the time of his arrest can be introduced, but that any other statements that he made to law enforcement officers after he was taken into custody must be suppressed because they were taken after defendant had requested that a lawyer be assigned to him and that he not be questioned further until the lawyer appeared. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

So ordered.